UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    Case No.: 3:10-BK-6895-JAF

FULL CIRCLE DAIRY, LLC,                   Chapter 11

            Debtor.

**DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS AND TO PROVIDE ADEQUATE PROTECTION AND REQUEST FOR EMERGENCY HEARING**

Debtor, Full Circle Dairy, LLC ("Debtor" or "Full Circle"), moves pursuant to 11 U.S.C. §§ 363 (c)(2)(B) and 363(e) and Fed. R. Bankr. P. 4001(b) for the entry of an order authorizing it to use cash collateral on an interim basis for thirty (30) days or such other period as the Court may order and to provide adequate protection, and in support of the motion states:

## BACKGROUND

1. On August 9, 2010 (the "Petition Date"), the Debtor filed its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. This Motion is being filed with the Voluntary Petition.

2. The Court has jurisdiction to enter an order for the relief requested by this motion pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. This is a "core" matter pursuant to 28 U.S.C. § 157 (b)(2).

3. Full Circle operates a dairy in Lee, Florida, and has forty-five employees.

## SUNTRUST BANK'S INTEREST IN THE DEBTOR'S CASH COLLATERAL

4. Certain of the Debtor's property used in the operation of its business (the "Property") is subject to a pre-petition security interest owned by Suntrust Bank. Suntrust Bank may allege that the Debtor's cash and accounts and the proceeds from the sale or

other use of the Property constitutes "cash collateral" (the "Cash Collateral") pursuant to Section 363 of the Bankruptcy Code.

5. As of the Petition Date the total Cash Collateral on hand is approximately $19,000.00. The Debtor will continue to generate revenue from the sale of milk and the collection pre-petition accounts receivable, both of which will comprise Cash Collateral.

## REQUESTED USE OF THE CASH COLLATERAL

6. Full Circle, in order to remain in business, needs to be permitted to use the Cash Collateral to perform the following essential functions: (a) buy feed and other essential items used in its dairy operations, (b) pay its employees, (c) properly maintain Suntrust Bank's collateral and thereby its security interest, (d) collect pre-petition receivables, (e) pay its taxes, (f) honor its post-petition obligations to essential suppliers, vendors and insurers, and (g) pay other necessary operating expenses.

## ADEQUATE PROTECTION

7. Pursuant to Section 361 of the Code, if the Court permits Full Circle to use the Cash Collateral, Suntrust Bank would be adequately protected with regard to its alleged interest in the Cash Collateral because operation of the Property would preserve the Property's going concern value. Specifically, Full Circle's use of the Cash Collateral will benefit Suntrust Bank by (a) preventing a disruption in Full Circle's business and thereby maintaining existing customer relationships, (b) maintaining and improving the Property, and (c) maintaining the proper insurance. Additionally, Full Circle is prepared to hold the net operating income in excess of the necessary expenses in a separate account, to be used only after further order of the Bankruptcy Court. Full Circle will show that Suntrust Bank's Cash Collateral will increase if Full Circle is allowed to operate and use the Cash Collateral.

8. As further adequate protection, Full Circle will show at the final hearing: (a) that Suntrust Bank's interest in the Cash Collateral is protected, (b) Suntrust Bank's indebtedness has been guaranteed by non-debtor parties, (c) Full Circle will further provide Suntrust Bank with monthly detailed reports and information concerning its business operations and the use of the Cash Collateral, and upon receipt of reasonable notice from Suntrust Bank, grant Suntrust Bank reasonable access to the Property to review and inspect its books and records and the Property, and (d) Full Circle has the ability to make reasonable adequate protection payments to Suntrust Bank if the Court finds that the Code requires Full Circle to do so. Section 363 of the Code provides in part that Full Circle may use cash collateral if the Court, after notice and hearing, authorizes such use. As stated above, because Suntrust Bank would be adequately protected if Full Circle is permitted to use the Cash Collateral, Full Circle seeks the entry of an order authorizing it to use the Cash Collateral in accordance with the terms and conditions of this motion and the attached Budget.

9. At the hearing on this interim motion, Full Circle will present evidence expected revenues and limited expenses necessary to maintain its business during the first 30-day period after the Petition Date or until a final hearing regarding the use of Cash Collateral. If it is permitted to use Cash Collateral, the Debtor will use those funds for payroll, utilities, taxes, insurance and ordinary operating expenses. If it is permitted to use the Cash Collateral, Full Circle has excellent prospects for reorganization. Suntrust Bank will be not be put at substantial risk of this Motion is granted.

**THE THIRTY-DAY BUDGET**

10. Debtor requests the limited use of the Cash Collateral through September 8, 2010 or such other period as the Court may allow at which time a final hearing can be held

upon notice.  Debtor's use of Cash Collateral as requested in this paragraph will be limited to the payment of only those expenses absolutely essential to restart and preserve the Debtor's business under the budget attached hereto as Exhibit "A".  Debtor will not engage in any transaction considered "out of the ordinary" without specific court approval.

11. Debtor expects that its revenue for the thirty-day period will be approximately $884,520.00 and expenses will be $791,109.00, leaving a net cash increase of $93,411.00, out of which the Debtor proposes to make an adequate protection payment to Suntrust Bank in an amount to be determined. Debtor believes the budget is reasonable and achievable.

WHEREFORE, Debtor respectfully requests the entry of an order (i) substantially in the form attached as Exhibit "B" authorizing it to use cash collateral until such date as the Court shall determine and (ii) granting adequate protection to Suntrust Bank as provided herein, and (iii) providing such other and further relief as this Court deems appropriate.

BRENNAN, MANNA & DIAMOND

Dated:  August 9, 2010

/s/ **Robert Wilcox**
Robert D. Wilcox
Florida Bar No. 755168
Felecia L. Falana
Florida Bar No. 0022356
Brian N. Krulick
Florida Bar No. 0026339
800 West Monroe St.
Jacksonville, Florida  32202
Telephone:  904-366-1500
Facsimile:  904-366-1501
Email:  rdwilcox@bmdpl.com
flfalana@bmdpl.com
bnkrulick@bmdpl.com

**PROPOSED ATTORNEYS FOR THE DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2010, I caused the foregoing Motion to be uploaded to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to the Office of the United States Trustee, 135 W. Central Blvd., Room 620, Orlando, Florida 32802, and to all creditors who have consented to such service, and by electronic mail and facsimile to : Counsel for Suntrust Bank, Denise L. Dell-Powell, Esq., Burr Forman LLP, 450 South Orange Avenue, CNL Center 1, Suite 200, Orlando, Florida 32801.

/s/ ***Robert Wilcox***
Robert D. Wilcox