# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

FULL CIRCLE DAIRY, LLC,

    Debtor.

Case No.: 3:10-bk-6895 (JAF)

Chapter 11

## FIRST SUPPLEMENTAL ORDER AUTHORIZING DEBTOR'S INTERIM USE OF CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION

This case came before the Court upon the Debtor's Emergency Motion for Authority to Use Cash Collateral and to Provide Adequate Protection (the "Motion"), Docket No. 5) as granted on an interim basis in this Court's Order Authorizing Debtor's Interim Use of Cash Collateral and to Provide Adequate Protection (Docket No 43). The Court having held an additional preliminary hearing on the Motion on September 22, 2010 at which (a) counsel for the Debtor and for SunTrust Bank requested the scheduling of a final evidentiary hearing on the Motion and (b) SunTrust Bank consented to the Debtor's use of cash collateral consistent with the terms of this order until that final evidentiary hearing, it is ORDERED:

    1.    Debtor's Motion is granted, subject to the conditions of this Order.

    2.    **Use of Cash Collateral; Budget**. Debtor is authorized to use cash collateral as set forth in this order, solely for the payment of expenses incurred in the ordinary course of the Debtor's business and operations and as described in the budget attached as Exhibit "1" (the "Budget"), with the exception that the "Managers auto allowance", "Managers", "Business" and "Consulting-Other" line items in the budget shall only be paid upon separate motion and order approving salaries and benefits to insiders.

1

All cash, income or revenues received by Debtor shall be deposited into the DIP bank accounts that Debtor has opened or will open with SunTrust Bank, a Georgia corporation ("SUNTRUST"). Debtor may disburse from the DIP Accounts only such payments or disbursements which are approved herein, approved by SUNTRUST or approved by the Bankruptcy Court. All disbursements from the DIP Accounts shall be accounted for in the monthly debtor in possession operating reports to be filed by Debtor with the bankruptcy court.

3. **Prohibited Uses of Cash Collateral**. Notwithstanding anything to the contrary contained herein, Debtor will not use cash collateral or any other cash received or held by Debtor to: (a) repay any loans or other advances made by, or to make any payments to, any affiliates or insiders of Debtor; (b) except for items listed in the Budget under the categories Western Hay, Lacto Whey, and Commodity Specialist, and to the dollar amounts listed in the amounts listed in the Budget, make any prepayments with respect to services which were not yet rendered, goods that have not been received, or any other item for which payment is not currently due; (c) to pay any increases in salaries or compensation for employees, other than increases in the normal course of business; (d) to pay any part or portion of pre-petition claims (other than pre-petition wage claims as approved and Ordered by the Court); or (e) other than as authorized by order of the bankruptcy court following notice and an opportunity for hearing (the "Prohibited Uses").

4. **Replacement Liens**. As adequate protection for its interest in SUNTRUST's Cash Collateral, the Debtor grants SUNTRUST, effective as of the Petition Date valid and effective replacement security interests in and liens (the "Replacement Liens") on all property of the Debtor to the same extent, and with the same priority, as the liens held by SUNTRUST on property of the Debtor as of the Petition

2

Date (such collateral, collectively, with the proceeds and products of any and all of the foregoing, the "SUNTRUST Replacement Collateral"). No lien or security interest in any property of the Debtor granted or arising on or after the Petition Date shall be created or permitted to be *pari passu* with, or senior to, the liens and security interests of SUNTRUST in its prepetition collateral or the Replacement Liens. The grant of Replacement Liens hereunder shall be supplemental to the security interests and liens which SUNTRUST possesses pursuant to the Loan Documents.

5. **Perfection of Replacement Liens.** The liens and security interests granted herein to SUNTRUST upon the SUNTRUST Replacement Collateral shall be deemed attached, perfected, and enforceable against the Debtor and all other persons including without limitation any subsequent Trustee (if appointed under Chapter 7 of the Bankruptcy Code), without the filing of any financing statements or other compliance with non-bankruptcy law. The Debtor shall, however, at SUNTRUST's request, execute and deliver any and all documents permitting such security interests to be filed or recorded with any appropriate agency or official. Any such filing or recording shall be deemed to have been filed or recorded on the date of the entry of this Order.

6. **Adequate Protection Payments.** As further adequate protection for SUNTRUST for the diminution in the Cash Collateral resulting by and through Debtor's use thereof, upon the entry of the this Order, on or before the 5th day of each month the Debtor shall pay to SUNTRUST the amount of $33,500.00. These payments shall be applied by SUNTRUST to the accrued interest on prepetition debt owed to it.

7. **Administrative Expense.** As further adequate protection for SUNTRUST for the extent of the use of Cash Collateral, SUNTRUST shall have *nunc pro tunc* as of the petition date an administrative expense claim pursuant to Sections

3

507(a)(2) and 503(b) of the Bankruptcy Code for the diminution in the Cash Collateral resulting by and through the Debtor's use thereof, except for the payments to be made to SUNTRUST and described above in paragraph 6.

8. **Covenants**. As adequate protection for the use of SUNTRUST's Collateral and the Cash Collateral, the Debtor agrees to fulfill or obey, as applicable, the following covenants.

### Reporting.

A. **Monthly Reports**. The Debtor shall provide to SUNTRUST no later than the 10th day of the month a report covering the preceding month formatted as the Budget is formatted reporting actual receipts and expenditures as compared to the budgeted receipts and expenditures, and any other reports required under the terms of the Loan Documents.

B. **DIP Reports**. The Debtor shall provide SUNTRUST copies of any reports provided to the Office of the United States Trustee (the "U.S. Trustee") at the time such reports are filed with the Court in the Bankruptcy Case. If these reports contain information required under subpart A of this subsection, they may be provided in lieu thereof.

**Access/Inspection**. The Debtor shall permit and cooperate with any authorized representatives, agents or consultants of SUNTRUST from time to time, upon 24 hours notice to the Debtor, and during normal business hours, to examine and copy all the records and books of, and visit and inspect the business premises and offices of, the Debtor and/or to appraise and count the collateral of SUNTRUST at SUNTRUST's initial cost and expense, but which costs and expenses SUNTRUST reserves the right to seek to

add to the balance of the debt owed to SUNTRUST by Debtor. The Debtor shall also provide SUNTRUST with all documents and disclosures as required by the Loan Documents without limitation, except that Debtor may prepare such reports internally.

**Insurance.** The Debtor shall procure and maintain such insurance as required by the U.S. Trustee. Any such insurance shall at all times name SUNTRUST as a loss-payee or additional-insured and the Debtor shall furnish evidence of such insurance promptly to SUNTRUST upon request.

9. **No Waiver.** Nothing in this Order or in any other document or instrument contemplated to be delivered in connection herewith shall in any way be deemed or construed in any manner to affect, impair, or diminish any rights SUNTRUST may have against any party obligated to SUNTRUST that is not a Debtor.

10. **Termination.** The Debtor shall cease to use the Cash Collateral upon the occurrence of the Termination Date (as defined in this Order), and shall not be permitted further use of Cash Collateral unless a further Order of this Court extending the Termination Date has been entered.

11. The Court will hold a final evidentiary hearing on the Motion on DECEMBER 7, 2010, AT 3:30 P.M. unless the Debtor and/or SUNTRUST submit a stipulation reflecting SUNTRUST's consent and an appropriate motion seeking approval of the stipulation.

12. Debtor's authority to use cash collateral as provided herein shall terminate immediately upon the later of: (i) 5:00 p.m. on the date of the next evidentiary hearing on the Motion, should one be necessary, (ii) the appointment of a Chapter 11 Trustee in Debtor's case, (iii) the conversion of the Debtor's Chapter 11 case to a case under

5

Chapter 7 of the Bankruptcy Code, or (iv) a default in the performance or observance of any material provision of this order.

DATED this 18th day of October, 2010 in Jacksonville, Florida.

                                                Jerry A. Funk
                                                United States Bankruptcy Judge

Copies furnished to:
Full Circle Dairy, LLC
1479 SE Winquepin Street
Lee, Florida 32059

Robert D. Wilcox, Esq.
800 West Monroe Street
Jacksonville, FL 32202

Suntrust Bank
c/o Denise L. Dell-Powell, Esq.
Burr Forman LLP
450 South Orange Avenue
CNL Center 1, Suite 200
Orlando, FL 32801

Office of the United States Trustee
135 W. Central Boulevard
Room 602
Orlando, Florida 32801


EXHIBIT 1

cash collateral budget Oct2010 FCD 10.2.10 (gnw).xls  10/2/2010 3:56 PM

| | | Totals | |
|---|---|---|---|
| | | | $158,249 |
| | Milk production | 3,410,000 | |
| Total Milk | | $823,610 | |
| Livestock sales | | | |
| | Cows - capitalized | $18,700 | |
| | Youngstock - capitalized | $52,000 | |
| Total Livestock sales | | | |
| Total Other | | | |
| **Total Income** | | | $894,310 |
| Total Feed | | | $433,210 |
| Labor and Personnel | | | |
| Benefits | | | |
| | Miscellaneous | $350 | |
| | Employee Housing | $300 | |
| | Managers auto allowance | $1,792 | |
| Total Benefits | | | $2,442 |
| Taxes | | | |
| | FICA | $8,792 | |
| | Medicare | $2,093 | |
| | FUTA | $322 | |
| | SUTA | $50 | |
| Total Taxes | | | $11,256 |
| Wages | | | |
| | office | $3,260 | |
| | Managers | $11,584 | |
| | rolling stock repairs | $3,800 | |
| | Barn repair & maintenance | $5,720 | |
| | Calves | $7,206 | |
| | Cow Comfort | $18,260 | |
| | Milking Center | $36,002 | |
| | Feeders | $9,600 | |
| | Herd Health | $17,600 | |
| | | $0 | |
| | Composting/waste/misc | $10,800 | |
| Total Wages | | | $123,832 |
| Workers Compensation | | | $5,985 |
| Total Labor and Personnel | | | |
| Total Bedding | | | |
| Livestock | | | |
| Vet Services | | | |
| | Veterinary Consulting | $7,500 | |
| | Vet herd work | $2,500 | |
| | Medicine/Health supplies - Other | $16,743 | |
| Breeding | | $3,628 | |
| Milking/Parlor Supplies | | $8,888 | |
| Total Livestock | | | $39,259 |
| Utilities | | | |

*All heifer calves are raised to offset value of cull cows sold

| | | | | | |
|---|---|---|---|---|---|
| | Electric | | $84,000 | | |
| | Gas | | $2,000 | | |
| | Telephone/ Internet | | $1,550 | | |
| | Waste / Trash Removal | | $0 | | |
| Total Utilities | | | | $87,550 | |
| Repairs | | | | | |
| | Building and improvments | | $1,600 | | |
| | Machinery and equipment | | | | |
| | | Milking Center repairs | $4,400 | | |
| | | Machinery | $8,000 | | |
| Total Repairs | | | | $14,000 | |
| Rent and Lease | | | | | |
| | Land | | $10,000 | | |
| | Machinery and Equip Lease | | $11,131 | | |
| Total Rent and Lease | | | | $21,131 | |
| Professional Fees | | | | | |
| | Accounting | | $3,000 | | |
| | Consulting | | | | |
| | | Agronomist | $1,500 | | |
| | | Ag Engineering | $0 | | |
| | | Business | $1,500 | | |
| Total Professional Fees | | | | $6,000 | |
| Insurance | | | | | |
| | Property & Liability | | $13,531 | | |
| Total Insurance | | | | $13,531 | |
| Fuel oil and gas | | | | $16,890 | |
| Crops | | | | | |
| | Chemicals | | | | |
| | Seed, planting | | | | |
| Total Cropping | | | | $0 | |
| Total Milk Marketing | | | | | |
| Other Expense | | | | | |
| | Office supplies | | | | |
| | | General Office Supplies | $400 | | |
| | | Postage and Delivery | $200 | | |
| | | Total Office supplies | $600 | | |
| | Total Administration | | | | |
| | Custom Hire | | $3,750 | | |
| | | Travel | $1,200 | | |
| | | Miscellaneous - Other | | | |
| | Total Miscellaneous | | | | |
| | Taxes | | | | |
| Total Other Expense | | | | $5,400 | |
| **Total Expense** | | | | $780,487 | |
| **Net Cash after expenses** | | | | $113,823 | |
| | | | | | |
| | | | | | |
| | | adequate protection | 38,500 | | |
| | | Livestock purchased | 57,000 | | |
| Net Cash for Month | | | | $18,323 | |